**NEW ORLEANS STEVEDORING CO., Inc.**

v.

**NORTH ATLANTIC & GULF S. S. CO.**

**No. 14820.**

United States Court of Appeals
Fifth Circuit.

June 25, 1954.

Rehearing Denied Aug. 3, 1954.

Leon Sarpy, Chaffe, McCall, Toler & Phillips and Donald A. Lindquist, New Orleans, La., for appellant.

Benjamin W. Yancey, New Orleans, La., Terriberry, Young, Rault, & Carroll, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is a libel in admiralty for damages resulting to appellee from the appellant's negligent performance of a maritime contract. Original jurisdiction in such matters is conferred upon the United States district courts by Section 1333(1), Title 28, of the United States Code; appellate jurisdiction is conferred on this court by Section 1291, Title 28, of said code; power to receive such original and appellate jurisdiction is granted by Article III, Section 2, paragraph 1, of the Constitution. This appeal is from a final decree of the court below, D.C., 111 F.Supp. 413, adjudging the appellant liable for the negligent and unworkmanlike performance of its contract to load a cargo of bulk corn aboard the steamship Eleazor Wheelock.

The North Atlantic & Gulf Steamship Company, appellee, was the bareboat charterer and *pro hac vice* owner of said steamship, which the appellant undertook to load with corn. On the night of April 28, 1947, while said ship was lying at dock in New Orleans, La., the corn, which had been loaded by appellant during that day, caught fire and caused the damages claimed in this suit. After the fire had been brought under control, a five-globe cluster light was found in the hold, partially embedded in the corn, and in a position where it could not be observed from the deck above it. The cluster showed evidence of excessive heating, as the wire cord servicing it was burned and the globes in it were broken. In the process of trimming the corn in the hold of the vessel, the appellant used these portable lights, and was solely responsible for their use, operation, and location. Upon leaving the hold on the afternoon before the fire, the longshoremen of appellant, while not removing the lights, did disengage all of the wire cords from the switch boxes on deck except the cord that serviced the burned cluster. Although an employee of the appellant testified that the switch was turned off and the lights on the burned cluster extinguished, the trial court discredited his testimony, and stated that it differed materially from a prior statement given by him.

The court also found that the evidence established the probability of the lights on the burned cluster being left on, and of the heat therefrom having started the fire in the corn. The court concluded that the leaving of a burning cluster light partially embedded in the corn was a violation of the stevedore's obligation to use ordinary care in the performance of its duties under its contract; that the failure to extinguish the lights on the cluster was a violation of the same obligation; and that this negligence on the part of the appellant, as stevedore, was the sole cause of the fire. The appellant claims that the proximate cause of the fire was not the leaving of the cluster lights burning, which it denies having done; but that, if they were left burning, its negligence was remote because the

fire was not discovered until several hours after its employees had left the vessel; that the proximate cause of the fire was the negligence of appellee's employees in not keeping a proper watch; and that the claim of the appellee was barred by laches.

 The preponderance of the evidence is consistent with the finding that the appellant's employees left the cluster light burning when they left the ship, and that this was the proximate cause of the fire. Although on an appeal in admiralty we have the power to find the facts de novo, Mosher v. Parker Brothers, 5 Cir., 178 F.2d 419, we have no necessity to do so in this case, because we agree with the court below and see no reason to disturb its findings. In the performance of the contract, appellant owed the appellee the duty to use the care and diligence that an ordinarily prudent and skillful person would have used in the same circumstances with reference to his own business. See The SCL No. 9, 3 Cir., 114 F.2d 964, and The Richelieu, 4 Cir., 48 F.2d 497.

 The appellant may not avoid liability by urging that the responsibility to discover the burning light was upon the appellee. The lighted cluster could not have been discovered by the appellee's employees by the use of ordinary care, since the cluster was embedded in the corn and could not be seen from the deck above the hold, nor was it the duty of appellee's employee to disengage the wire cords leading to the cluster lights from the switch boxes on deck. The duty of reasonable care connected with the cluster lights was imposed upon the appellant; and, in the absence of a showing of culpability on the part of the appellee, the appellant is liable for the damages directly and proximately caused by the fire. The Jane Anne, 2 Cir., 142 F.2d 197. The evidence that it was not the practice to pull the cords out of the switch boxes at night, and of the hidden nature of the light in the corn, supports the finding that there was no negligence on the part of the ship. One who leaves a fire hazard concealed on another man's property cannot blame the owner for not having discovered it overnight before the fire.

 We agree with the court below that the defense of laches was not proven, because no prejudice was shown; nor could any prejudice be inferred from the short delay in bringing the libel. Gardner v. Panama Ry. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31. We have been cited to no Louisiana statute of prescription upon which to predicate a plea of laches. Accordingly the judgment appealed from is affirmed.

Affirmed.